UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        -v.-                      :

BOBBY SAUNDERS,                   :
   a/k/a/ "Bobby Moore,"
CARMEN MOORE,                     :
   a/k/a "Munchie,"
BOBBY MOORE, JR.,                 :
   a/k/a "Pops,"
TYRONE MOORE,                     :   **SEALED INDICTMENT**
   a/k/a "Puss,"
HISAN LEE,                        :   S2 07 Cr. 3 (BSJ)
   a/k/a "Devontea Clark,"
   a/k/a "Ice,"                   :
HIBAH LEE,
ANDRE DAVIDSON,                   :
   a/k/a "O Dog,"
SELBOURNE WAITE,                  :
   a/k/a "Silky,"
DELROY LEE,                       :
   a/k/a "Specs,"
   a/k/a "DJ,"                    :
ROBERT MORRISON,
   a/k/a "Chips,"                 :
MARK GABRIEL,
   a/k/a "Bubbles,"               :
DAKWAN EDWARDS,
   a/k/a "Doc,"                   :
MARQUISH JONES,
   a/k/a "Lunchbox,"              :
MARK HART,
   a/k/a "Movements,"             :
RAHEEM TUCKER,
   a/k/a "Ras,"
WALTER MALONE,
   a/k/a "Demetri Young,"         :
CHRISTOPHER DIAZ,
   a/k/a "X Box,"                 :
ANTHONY DIAZ,
   a/k/a "Little X,"              :
PAUL LOVE,
AARON BIRCH,
   a/k/a "A,"



APR 0 4 2007

```
KEVIN BECKFORD,                      :
   a/k/a "Carl Beckford," and
JERMELL FALZONE,                     :
   a/k/a "Mel,"
                                     :
           Defendants.
                                     :
- - - - - - - - - - - - - - - - - x
```

COUNT ONE

The Grand Jury charges:

1.  From in or about March 2003, up to and including on or about May 21, 2003, in the Southern District of New York and elsewhere, HIBAH LEE, MARK GABRIEL, a/k/a "Bubbles," BOBBY MOORE, JR., a/k/a "Pops," ANDRE DAVIDSON, a/k/a "O Dog," and MARK HART, a/k/a "Movements," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LEE, GABRIEL, MOORE, DAVIDSON, and HART, the defendants, and others known and unknown, conspired to commit a robbery of individuals they believed to be in possession of narcotics and narcotics proceeds.

Overt Acts

2. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about early May 2003, in the Bronx, New York, MARK HART, a/k/a "Movements," provided information to others regarding individuals he believed to be in possession of narcotics and narcotics proceeds in order to facilitate the robbery of those narcotics and narcotics proceeds.

b. On or about May 21, 2003, in the vicinity of 2041 Strang Avenue, Bronx, New York, HIBAH LEE, MARK GABRIEL, a/k/a "Bubbles," BOBBY MOORE, JR., a/k/a "Pops," and ANDRE DAVIDSON, a/k/a "O Dog," the defendants, and others known and unknown, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, and, during the course of that attempted robbery, LEE and GABRIEL both shot at one of the individuals.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3. On or about May 21, 2003, in the Southern District of New York, HIBAH LEE, MARK GABRIEL, a/k/a "Bubbles," BOBBY MOORE, JR., a/k/a "Pops," ANDRE DAVIDSON, a/k/a "O Dog," and MARK

HART, a/k/a "Movements," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did attempt and aid and abet an attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, LEE, GABRIEL, MOORE, and DAVIDSON, the defendants, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, in the vicinity of 2041 Strang Avenue, Bronx, New York, based on information provided by HART.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT THREE

The Grand Jury further charges:

4. On or about May 21, 2003, in the Southern District of New York, HIBAH LEE, MARK GABRIEL, a/k/a "Bubbles," BOBBY MOORE, JR., a/k/a "Pops," and ANDRE DAVIDSON, a/k/a "O Dog," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Two of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess

firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## COUNT FOUR

The Grand Jury further charges:

5. From at least in or about 1999, up to and including in or about April 2007, in the Southern District of New York and elsewhere, BOBBY SAUNDERS, a/k/a/ "Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips," MARK GABRIEL, a/k/a "Bubbles," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a "Lunchbox," MARK HART, a/k/a "Movements," RAHEEM TUCKER, a/k/a "Ras," WALTER MALONE, a/k/a "Demetri Young," CHRISTOPHER DIAZ, a/k/a "X Box," ANTHONY DIAZ, a/k/a "Little X," PAUL LOVE, AARON BIRCH, a/k/a "A," KEVIN BECKFORD, a/k/a "Carl Beckford," and JERMELL FALZONE, a/k/a "Mel," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

6. It was a part and an object of the conspiracy that the defendants, and others known and unknown, would and did

5

distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

    7.  It was further a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

    8.  It was further a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

<u>OVERT ACTS</u>

9.   In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about February 6, 2001, BOBBY SAUNDERS, a/k/a "Bobby Moore," and CARMEN MOORE, a/k/a "Munchie," the defendants, sold a quantity of marijuana in the vicinity of 3578 Dekalb Avenue, in the Bronx, New York.

b.   On or about October 28, 2002, BOBBY SAUNDERS, a/k/a "Bobby Moore," and CARMEN MOORE, a/k/a "Munchie," the defendants, sold a quantity of marijuana in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

c.   On or about June 26, 2006, BOBBY MOORE, JR., a/k/a "Pops," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

d.   On or about June 6, 2006, TYRONE MOORE, a/k/a "Puss," PAUL LOVE, and CHRISTOPHER DIAZ, a/k/a "X Box," the defendants, sold a quantity of crack in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

e.   On or about June 23, 2006, TYRONE MOORE, a/k/a "Puss," KEVIN BECKFORD, a/k/a "Carl Beckford," and AARON BIRCH,

a/k/a "A," the defendants, possessed a quantity of crack in the vicinity of 3569 Dekalb Avenue, in the Bronx, New York.

  f. On or about August 29, 2000, in the state of Virginia, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," and DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendants, possessed quantities of both crack and cocaine, which represented the proceeds of a robbery that occurred in the Bronx, New York.

  g. In or about 2003, HIBAH LEE, the defendant, possessed a quantity of crack in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

  h. On or about April 18, 2000, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, sold a quantity of marijuana in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

  i. On or about June 5, 2000, DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendant, sold a controlled substance to an undercover officer, in the vicinity of 3504 Dekalb Avenue, in the Bronx, New York.

  j. On or about December 7, 2006, in the Bronx, New York, ROBERT MORRISON, a/k/a "Chips," the defendant, possessed a quantity of marijuana that represented the proceeds of a robbery.

  k. On or about November 16, 2004, MARK GABRIEL, a/k/a "Bubbles," the defendant, possessed a quantity of crack in the vicinity of 3569 Dekalb Avenue, in the Bronx, New York.

  l. On or about April 6, 2003, DAKWAN EDWARDS, a/k/a "Doc," the defendant, possessed a sawed-off shotgun, a quantity of cocaine, and a quantity of marijuana, in the vicinity of 3569 Dekalb Avenue, in the Bronx, New York.

  m. On or about October 12, 2001, MARQUISH JONES, a/k/a "Lunchbox," the defendant, sold a quantity of marijuana in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

  n. On or about March 12, 2004, MARQUISH JONES, a/k/a "Lunchbox," the defendant, possessed a quantity of crack in the vicinity of 3554 Dekalb Avenue, in the Bronx, New York.

  o. On or about May 25, 2006, RAHEEM TUCKER, a/k/a "Ras," the defendant, possessed a quantity of crack in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

  p. On or about December 9, 2006, WALTER MALONE, a/k/a "Demetri Young," the defendant, sold a controlled substance in the vicinity of 3555 Dekalb Avenue, in the Bronx, New York.

  q. On or about February 5, 2005, CHRISTOPHER DIAZ, a/k/a "X Box," the defendant, sold a quantity of crack to an

undercover officer in the vicinity of 212th Street and Dekalb Avenue, in the Bronx, New York.

 r. On or about June 14, 2006, ANTHONY DIAZ, a/k/a "Little X," the defendant, sold a controlled substance to an undercover officer in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

 s. On or about November 16, 2005, PAUL LOVE, the defendant, possessed quantities of both crack and marijuana in the vicinity of 3569 Dekalb Avenue, in the Bronx, New York.

 t. On or about June 28, 2006, PAUL LOVE, the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

 u. On or about September 2, 2006, AARON BIRCH, a/k/a "A," the defendant, sold a controlled substance to an undercover officer in the vicinity of 16 East 213th Street, in the Bronx, New York.

 v. On or about June 19, 2006, KEVIN BECKFORD, a/k/a "Carl Beckford," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

 w. On or about June 21, 2006, KEVIN BECKFORD, a/k/a "Carl Beckford," the defendant, sold a quantity of crack to a

confidential informant in the vicinity of 213th Street and Dekalb Avenue, in the Bronx, New York.

x.  On or about May 7, 2004, JERMELL FALZONE, a/k/a "Mel," the defendant, sold a quantity of crack in the vicinity of 3551 Dekalb Avenue, in the Bronx, New York.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

10.  As a result of committing the controlled substance offense in Count Four of this Indictment, BOBBY SAUNDERS, a/k/a/ "Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips," MARK GABRIEL, a/k/a "Bubbles," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a "Lunchbox," MARK HART, a/k/a "Movements," RAHEEM TUCKER, a/k/a "Ras," WALTER MALONE, a/k/a "Demetri Young," CHRISTOPHER DIAZ, a/k/a "X Box," ANTHONY DIAZ, a/k/a "Little X," PAUL LOVE, AARON BIRCH, a/k/a "A," KEVIN BECKFORD, a/k/a "Carl Beckford," and JERMELL FALZONE, a/k/a "Mel," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be

used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Four of this Indictment, including but not limited to any and all proceeds obtained as a result of the offense in violation of Title 21, United States Code, Section 846.

### Substitute Assets Provision

11.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property

which cannot be divided without difficulty;  it is the intention of the United States, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)


_____          _____
FOREPERSON                         MICHAEL J. GARCIA
                                   United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

BOBBY SAUNDERS, et al.,

Defendants.

**INDICTMENT**

S2 07 Cr. 3 (BSJ)

18 U.S.C. § 1951, 2
18 U.S.C. § 924(c), 2
21 U.S.C. § 846

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*Foreperson.*

4/4/07 Superseder filed

MB Gornstein