The Law Office of James M. Branden<br>
551 Fifth Avenue, Suite 422<br>
New York, New York 10176<br>
Tel. 212-286-0173<br>
Fax 212-286-0495

March 10, 2021

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:  United States v. Selbourne Waite
            Cr. Docket No. 07-03 (LAP)

Dear Judge Preska:

    I represent Mr. Waite and submit this letter-motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A).

## STATEMENT OF THE CASE

    Prior to trial, Mr. Waite was offered a guilty plea that would have resulted in a total term of imprisonment of twenty-five years. It required, however, that he plead guilty to the murder of Bunny Campbell. <u>See</u> count one, racketeering, RA 3; count five, violent crime in aid of racketeering. Because Mr. Waite did not commit that crime, he refused the plea offer. At trial, he was acquitted of offenses related to Bunny Campbell. PSR at 11, ¶39.

    He was, however, convicted of offenses related to racketeering, narcotics, robbery, and use of a firearm.[1] He was

---

[1] Relevant here, the jury found that Mr. Waite conspired to possess, and to possess with intent to distribute, narcotics, in violation of 21 U.S.C. §§846, 841(b)(1)(A) (count 7). It also found that during the conspiracy, he used a firearm (count 20). In addition, it found that he committed four robberies of suspected narcotics dealers on the following dates: October 4, 2004 (count 12 - attempt), January 1, 2005 (count 13), March 24, 2005 (count 14), and June 9, 2005 (count 18 - attempt). It further found that during three of these robberies (October 4, 2004 (count 25), March 24, 2005 (count 27) and June 9, 2005 (count 32)) he discharged a

Hon. Loretta A. Preska
United States District Judge
March 10, 2021
Page 2


originally sentenced in 2011 to 125 years' imprisonment (Hon. Barbara S. Jones presiding). Following a retroactive change in the law, Your Honor resentenced him on March 1, 2018, to 115 years' imprisonment, the statutory mandatory minimum based on the narcotics offense, which then provided a ten, not twenty, year minimum, and five firearm offenses in violation of 18 U.S.C. §924©, carrying a one hundred and five year minimum, consecutive to the drug count.

### The First Step Act and United States v. Davis, 139 S.Ct. 2319 (2019)

Following the resentencing, two important events transpired. First, in December 2018, Congress enacted the First Step Act (FSA), which among other things, amended §924© to disallow "stacking" of consecutive terms of twenty-five years' imprisonment at the same sentencing proceeding. As such, under the FSA, the statutory mandatory minimum term of imprisonment for Mr. Waite would be fifty-two years,[2] as opposed to one hundred and fifteen years. Second, in June 2019, United States v. Davis, 139 S.Ct. 2319 (2019) was decided, invalidating the residual clause of the statutory definition of a "crime of violence." Since then, the Second Circuit has determined that a conspiracy to commit Hobbs Act robbery is not a crime of violence. See United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019). Pending before the Second Circuit are cases questioning whether an attempt to commit Hobbs Act robbery or aiding and abetting a Hobbs Act robbery are crimes of violence. Mr. Waite has argued on appeal of the 2018 resentencing that his Hobbs Act related robberies, all of which are attempts or involved accomplice liability, are not crimes of violence. Should the Second Circuit agree, only one of the §924© counts will survive (as it is linked to the narcotics offense, not

---

firearm and in the fourth (January 31, 2005 (count 26)), he or a co-conspirator brandished a firearm.

[2] The narcotics conspiracy (count 7) carries a ten year minimum, use of a firearm during that conspiracy (count 20) requires a consecutive five years, the discharge of a firearm during three robberies (counts 25, 27 and 32) requires, collectively, consecutive thirty years, and the brandishing of a firearm during the fourth robbery tacks on another seven years for a total of fifty-two years.

a Hobbs Act robbery offense), and the mandatory minimum term of imprisonment will be fifteen years not one hundred and fifteen years.[3]

Mr. Waite is 41 years old. He is a life-long sufferer of asthma, which required hospitalization as a child. While his condition has improved over time, he still requires a steroid inhaler at times. PSR 31, ¶215. He is imprisoned at FCI Cumberland in Cumberland, Maryland. As of March 1, 2021, FCI has no present inmate Covid-19 infection though six staff members are positive. 383 inmates and 45 staff members have been infected and recovered. Mr. Waite has not yet contracted the virus. While in federal custody he has received his GED.[4]

**ARGUMENT**

<u>The Compassionate Release Statute</u>

A court may not modify a term of imprisonment once it has been imposed except pursuant to statute. Until recently, a court could not modify a defendant's duly-imposed sentence on compassionate release grounds unless it received a motion from the Bureau of Prisons asking that the court consider such modification. USSG §1B1.13, Reduction in Term of Imprisonment under 18 U.S.C. §3582(c)(1)(A) (Policy Statement) (Effective November 1, 2006; amend. effective November 1, 2007; November 1, 2010; November 1, 2016; November 1, 2018). In December 2018, as part of the First Step Act, Congress altered the rule. A court may now consider a

---

[3] Rule 37 of the Federal Rules of Criminal Procedure provides: (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . . (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Mr. Waite here seeks such an indicative ruling.

[4] I received a telephone call from Mr. Waite yesterday. He informed me that he is forwarding prison records as to his health and education/work history. I plan to supplement this motion with those records once received.

Hon. Loretta A. Preska
United States District Judge
March 10, 2021
Page 4

motion for compassionate release made by a defendant who has exhausted his administrative remedies by petitioning the Director of the BOP to make such a motion, assuming the Director fails to act on the inmate's request within thirty days:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, <u>may reduce the term of imprisonment</u> . . . 18 U.S.C. §3582(c)(1)(A) (emphasis added).

The court may modify a sentence on compassionate release grounds:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

In <u>United States</u> v. <u>Brooker</u>, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that district judges have "wide latitude" and that a "district court's discretion in this area – as in all sentencing matters – is broad." <u>Id.</u> at 237. There is but one limitation: rehabilitation alone is insufficient. <u>Id.</u> at 238. The Second Circuit held that the First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might" cite, and nothing "in the now-outdated version of Guideline §1B1.13 limits the district court's discretion." <u>Id.</u> at 237; <u>see</u>, <u>also</u>, <u>United States</u> v. <u>Jones</u>, 2020 WL 6817488, ___ F.3d ___ (6th Cir. Nov. 20) (joining Second Circuit in concluding that USSG §1B1.13 is inapplicable to motion for compassionate release filed by inmates). In other words, courts now have broad authority to determine what is and is not extraordinary and compelling, and in turn, to reduce sentences like

Hon. Loretta A. Preska
United States District Judge
March 10, 2021
Page 5

Mr. Waite's.[5]

<u>Extraordinary and Compelling Reasons Exist</u>

The FSA has created a sea change in §924(c) law and, coupled with the brutal impact of the original sentences, it has resoundingly amounted to extraordinary and compelling circumstances warranting a reduction in sentence under the compassionate release statute.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Reid</u>, 05 Cr. 596 (ARR) (E.D.N.Y. Mar. 5, 2021), Docket Entry 179; <u>United States</u> v. <u>Haynes</u>, 456 F.Supp.3d 496 (E.D.N.Y. 2020); <u>United States</u> v. <u>Anglin</u>, 98-CR-1124 (ERK), Order adopting ECF Dkt. No. 193 (E.D.N.Y. Nov. 18, 2020); <u>United States</u> v. <u>O'Bryan</u>, 2020 WL 869475 (D. Kan. Feb. 21, 2020); <u>United States</u> v. <u>Maumau</u>, 2020 WL 806121 (D. Utah Feb. 18, 2020); <u>United States</u> v. <u>Jones</u>, 2020 WL 5359636 (N.D. Cal. Aug. 27, 2020); <u>United States</u> v. <u>Turner</u>, 2020 WL 5016880 (D. Kan. Aug. 25, 2020); <u>United States</u> v. <u>Franklin</u>, 2020 WL 4736862 (D. Kan. Aug. 14, 2020); <u>United States</u> v. <u>Pham</u>, 2020 WL 4735266 (D. Kan. Aug. 14, 2020); <u>United States</u> v. <u>Baker</u>, 2020 WL 4696594 (E.D. Mich. Aug. 13, 2020); <u>United States</u> v. <u>Pollard</u>, 2020 WL 4674126 (E.D.Pa. Aug. 12, 2020); <u>United States</u> v. <u>Brown</u>, 2020 WL 4569289 (E.D. Wis. Aug. 7, 2020); <u>United States</u> v. <u>Toles</u>, 2020 WL 4530481 (D. Kan. Aug. 6, 2020); <u>United States</u> v. <u>Clausen</u>, 2020 WL 4260795 (E.D. Pa. July 24, 2020); <u>United States</u> v. <u>Stewart</u>, 2020 WL 4260637 (D. Kan. July 24, 2020); <u>United States</u> v. <u>Ford</u>, 2020 WL 4207092 (E.D. Mich. July 22, 2020); <u>Bellamy</u> v. <u>United States</u>, 2020 WL 4208446 (E.D. Va. July 22, 2020); <u>United States</u> v. <u>Graham</u>, 2020 WL 4344840 (D. Kan. July 20, 2020); <u>United States</u> v. <u>Adeyemi</u>, 470 F.Supp.3d 489 (E.D. Pa. 2020); <u>United States</u> v. <u>Wise</u>, 2020 WL 4251007 (N.D. Ohio June 25, 2020); <u>United States</u> v. <u>Quinn</u>, 2020 WL 3275736 (N.D. Cal. June 17, 2020); <u>United States</u> v. <u>Joseph</u>, 2020 WL 3160172 (N.D. Cal. June 8, 2020); <u>United States</u> v. <u>Lott</u>, 2020 WL 3058093 (S.D. Cal. June 8, 2020); <u>United States</u> v. <u>McClellan</u>, 2020 WL 293358 (N.D. Ohio June 3, 2020); <u>McCoy</u> v. <u>United States</u>, 2020 WL 2738225 (E.D. Va. May 26, 2020); <u>United States</u> v. <u>Littrell</u>, 461 F.Supp.3d 899 (E.D. Mo. 2020); <u>United States</u> v. <u>Scott</u>, 2020 WL 2467425 (D. Md. May 13,

---

[5] During yesterday's telephone conference with Mr. Waite, he also informed that he filed a request for compassionate release along the lines presented here and that request was denied.  I asked him to forward a copy of the relevant paperwork evidencing exhaustion and he said that he would try to do so.  Should I receive it, I will supplement the record.

Hon. Loretta A. Preska
United States District Judge
March 10, 2021
Page 6


2020); United States v. Arey, 461 F.Supp.3d (W.D. Va. 2020); United States v. Bryant, 2020 WL 2085471 (D. Md. April 30, 3030); United States v. Brown, 457 F.Supp.3d 691, 694 (S.D. Iowa 2020); United States v. Marks, 455 F.Supp.3d 17 (W.D.N.Y. 2020); Carter v. United States, 2020 WL 1914766 (D. Md. Apr. 17, 2020); United States v. McPherson, 454 F.Supp.3d 1049 (W.D. Wash. 2020); United States v. Wade, 2020 WL 1864906 (C.D. Cal. Apr. 13, 2020); United States v. Decator, 452 F.Supp.3d 320, 322 (D. Md. 2020); United States v. Pitts, 2020 WL 1676365 (W.D. Va. Apr. 6, 2020); United States v. Redd, 444 F.Supp. 3d 717 (E.D. Va. 2020); Brown v. United States, 2020 WL 1248960 (D. Md. Mar. 16, 2020); United States v. Young, 458 F.Supp.3d 838 (M.D. Tenn. 2020); Jones v. United States, 431 F.Supp. 3d 740 (E.D. Va. 2020); Wright v. United States, 425 F.Supp.3d 588 (E.D. Va. 2019); United States v. Urkevich, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); United States v. Jackson, 2019 WL 6245759 (S.D. W.V. Nov. 21, 2019); United States v. Cantu, 423 F.Supp.3d 345 (S.D. Tex. 2019). Nine of these courts have granted relief, unlike that requested here, on the basis of §924(c) stacking alone. See Turner, supra; Franklin, supra; Morris, supra; Pham, supra; Toles, supra; Graham, supra; O'Bryan, supra; Urkevich, supra; Cantu, supra.

In redressing §924(c), Congress sought to avoid the insane and brutal sentences routinely handed out across the country and to Mr. Waite. He, too, should now benefit from the ameliorative notions behind the amendment.

Mr. Waite also suffers from asthma, which potentially exposes him to the risk of suffering severe illness from Covid-19. See CDC Report, People with Moderate to Severe Asthma, updated Jan. 20, 2021. Indeed, Covid-19, which is especially virulent in congregant settings such as prison, can affect the nose, throat and lungs and cause an asthma attack and possibly lead to pneumonia and acute respiratory disease. Id.

In combination, these circumstances are extraordinary and compelling and suggest that Mr. Waite should be released forthwith. See, e.g., United States v. Adeyemi, 470 F.Supp.3d 489 (E.D. Pa. 2020) (in combination, life-long asthma condition and imposition of now-defunct 25-year consecutive terms for §924(c) offense constituted extraordinary and compelling reason for compassionate release).

Hon. Loretta A. Preska
United States District Judge
March 10, 2021
Page 7

### The §3553(a) Factors Favor a Sentence Reduction

Pursuant to 18 U.S.C. §3553(a)(2), this Court is required to "impose a sentence sufficient, but not greater than necessary" to comply with generally recognized purposes of sentencing, including the need:

- A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- B) to afford adequate deterrence to criminal conduct;

- C) to protect the public from further crimes of the defendant; and

- D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Among other things, the sentencing court is also required to consider: the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. §3553(a)(1).

To be sure, the offenses at issue are serious but it should be noted that unlike his co-defendants Mr. Waite was not convicted of murder in aid of racketeering.  As noted above, while he was charged with one such count, the jury acquitted him.  Reduced to its essence, the remaining charges all pertain to armed robberies of drug dealers.  For that, the term of 15 years already served by Mr. Waite alone seems sufficient.  In this regard, it also merits noting that Mr. Waite has a limited prior record and is in criminal history category I.  It also merits noting that Mr. Waite has been a model prisoner who has achieved his GED in prison.  That is to say, he has served his time to date productively even despite a sentence that seemed certain to require the rest of his life in prison.

Time served adequately reflects the seriousness of the offenses and provides just punishment.  It will also provide

Hon. Loretta A. Preska
United States District Judge
March 10, 2021
Page 8

general and specific deterrence. As to the latter, Mr. Waite, now 41, has been "out of circulation" for fifteen years and the balance of his Crew will remain incarcerated for life. Under the circumstances, it seems highly unlikely he would be able to revive the demanding criminal activity of his past.

On balance, the §3553(a) factors are overwhelmingly consistent with Mr. Waite's release at this time. At worst, Mr. Waite should receive a reduction of his sentence to account for the FSA amendment to §924(c), which would now reduce his term to fifty-two years plus further reduction based on the more arduous term of imprisonment he has served based on Covid-19 constraints, including but not limited to lockdowns, quarantines, and stifling ambient anxiety among inmates and staff alike. In these regards, the Court should also consider the 25-year term Mr. Waite appropriately refused because, as the jury concluded, he was not responsible for Bunny Campbell's murder.

### Mr. Waite Poses No Danger that Cannot Be Mitigated by Supervision

For all of the reasons stated above concerning his positive prison record and established rehabilitation Mr. Waite poses no danger to the community. To the extent there is even the slightest concern, the Probation Department should be able to assist him in finding employment and remaining law-abiding while on supervision.

**CONCLUSION**

For all of the foregoing reasons, Mr. Waite should be compassionately released, or in the alternative, the term of imprisonment should be markedly reduced.

Respectfully submitted,

James M. Branden